UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation,<br><br>        Plaintiff,<br><br>   vs.<br><br>GOOGLE LLC., a Delaware limited liability company,<br><br>        Defendant. | CASE NO. 6:19-CV-00515-ADA<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFF SOLAS OLED LTD.'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Google LLC ("Google") hereby answers the First Amended Complaint for Patent Infringement ("First Amended Complaint") (Dkt. 14) filed by Plaintiff Solas OLED Ltd. ("Solas"). Unless expressly admitted below, Google denies the allegations in the First Amended Complaint, and further denies that Solas is entitled to its requested relief or any other relief.

**Plaintiff Solas OLED and the Patents-in-Suit.**

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2. Google admits that what appears to be a copy of United States Patent No. 6,072,450 ("the '450 Patent") is attached as Exhibit 1 to Plaintiff's First Amended Complaint and that, on its face, the '450 Patent is entitled "Display Apparatus" and issued on June 6, 2000. Google denies that the '450 Patent was duly and legally issued. Google lacks sufficient knowledge or information about the ownership of the '450 Patent and on that basis denies Solas's allegation that it is the sole owner of the '450 Patent.

3. Google admits that what appears to be a copy of United States Patent No. 7,446,338 ("the '338 Patent") is attached as Exhibit 2 to Plaintiff's First Amended Complaint and that, on its face, the '338 Patent is entitled "Display Panel" and issued on November 4, 2008. Google denies that the '338 Patent was duly and legally issued. Google lacks sufficient knowledge or information about the ownership of the '338 Patent and on that basis denies Solas's allegation that it is the sole owner of the '338 Patent.

**Defendant and the Accused Products**

4. Google admits that Google LLC is a Delaware limited liability company with places of business in this District.

5. Google admits that it sells Google Pixel smartphones. Google further admits that certain of its Google Pixel smartphones, including the Google Pixel 3 XL, include active-matrix organic light-emitting diode (AMOLED) displays. Except as expressly admitted, Google denies the allegations of Paragraph 5 of the First Amended Complaint.

**Jurisdiction, venue, and joinder.**

6. Paragraph 6 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Google admits that the First Amended Complaint purports to arise under Title 35 of the United States Code. Google also admits that the Court has jurisdiction over Solas's patent infringement claims. Google denies that it is liable for any of the patent infringement claims brought by Solas.

7. Paragraph 7 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Google does not contest personal jurisdiction in this District solely for the purpose of this action. Google further admits that it has an office in Austin, TX and an office in San Antonio, TX, which are within this District. Google

denies that it has committed acts of infringement as alleged by Solas within this District.  Except as expressly admitted, Google denies the allegations of Paragraph 7 of the First Amended Complaint.

8. Paragraph 8 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Google admits that venue is proper in this District for purposes of this particular action but not convenient or in the interests of justice under 28 U.S.C. 1404(a).  Google admits that it has offices at 500 W. 2nd St., Austin, TX, 78701, and 110 E Houston St. #300, San Antonio, TX 78205.

**Count 1 – Claim for infringement of the '450 patent.**

9. Google incorporates by reference each of its answers to Paragraphs 1 through 8 of the First Amended Complaint.

10. Google admits that the '450 Patent is entitled "Display Apparatus," and that it bears a "Date of Patent" of June 6, 2000.  Google further admits that Exhibit 1 to the First Amended Complaint appears to be a copy of the '450 Patent.

11. Google lacks sufficient knowledge or information about the ownership of the '450 Patent and on that basis denies all of the allegations in Paragraph 11 of the First Amended Complaint.

12. Denied.

13. Paragraph 13 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Google lacks sufficient knowledge or information about Solas and its predecessors in interests' compliance with 35 U.S.C. § 287(a) with respect to the '450 Patent and on that basis denies those allegations.

Google denies that it has infringed the '450 Patent. Google denies that Solas is entitled to any damages from Google.

14. Denied.

15. Paragraph 15 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Google admits that certain of its Pixel smartphones include OLED panels. Except as expressly admitted, Google denies the allegations of Paragraph 15 of the First Amended Complaint.

16. Denied.

### Claim 2 – Claim for infringement of the '338 patent

17. Google incorporates by reference each of its answers to Paragraphs 1 through 16 of the First Amended Complaint.

18. Google admits that the '338 Patent bears a "Date of Patent" of November 4, 2008. Google further admits that Exhibit 2 to the First Amended Complaint appears to be a copy of the '338 Patent. Except as expressly admitted, Google denies the allegations of Paragraph 18 of the First Amended Complaint.

19. Google lacks sufficient knowledge or information about the ownership of the '338 Patent and on that basis denies all of the allegations in Paragraph 19 of the First Amended Complaint.

20. Denied.

21. Paragraph 21 of the First Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Google lacks sufficient knowledge or information about Solas and its predecessors in interests' compliance with 35 U.S.C. § 287(a) with respect to the '338 Patent and on that basis denies those allegations.

Google denies that it has infringed the '338 Patent.  Google denies that Solas is entitled to any damages from Google.

22. Denied.

23. Paragraph 23 of the First Amended Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Google admits that its Pixel smartphones include a display panel.  Except as expressly admitted, Google denies the allegations of Paragraph 23 of the First Amended Complaint.

24. Google admits that it became aware of the '338 Patent from a date no later than when it was served with Plaintiff's Complaint for Patent Infringement (Dkt. 1).  Except as expressly admitted, Google denies the allegations of Paragraph 24 of the First Amended Complaint.

25. Denied.

26. Denied.

## Jury demand.

27. Solas's demand for a trial by jury for all issues triable to a jury does not state any allegation, and Google is not required to respond.

## Relief Requested

These paragraphs set forth the statement of relief requested by Solas to which no response is required.  Google denies that Solas is entitled to any of the requested relief and denies any allegations.

## Affirmative and Other Defenses

Google asserts the following affirmative defenses and other defenses and reserves the right to amend its answer to assert additional defenses as more information becomes available.

In asserting the below defenses, Google does not assume any burden it would otherwise not have.

### FIRST DEFENSE – NON-INFRINGEMENT

Google does not infringe and has not infringed (not directly, contributorily, or by inducement), either literally or under the doctrine of equivalents, and is not liable for infringement of any valid and enforceable claim of the '450 Patent or the '338 Patent (the "Patents-in-Suit").

### SECOND DEFENSE – INVALIDITY

The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 102 because the claims lack novelty, and are taught and suggested by the prior art. The claims of the Patents-in-Suit are invalid and unenforceable under 35 U.S.C. § 103 because the claims are obvious in view of the prior art. The claims of the Patents-in-Suit are invalid and unenforceable for failure satisfy the conditions set forth in 35 U.S.C. § 112, including failure of written description, lack of enablement, and claim indefiniteness.

### THIRD DEFENSE – FAILURE TO MARK

Solas's claims for damages prior to the filing of this lawsuit are barred to the extent Solas or its predecessors-in-interest were required to but failed to mark under 35 U.S.C. § 287.

### FOURTH DEFENSE – EQUITABLE DOCTRINES

Solas's claims of patent infringement are barred in whole or in part by the equitable doctrines of waiver, estoppel, acquiescence, laches, and/or unclean hands.

### FIFTH DEFENSE – PROSECUTION HISTORY ESTOPPEL

Solas's claims of patent infringement under the doctrine of equivalents, if any, are barred in whole or in part by the doctrine of prosecution history estoppel and/or prosecution disclaimer.

### SIXTH DEFENSE – LIMITATION ON DAMAGES

Solas's claims for damages are barred to the extent Solas seeks damages beyond the six year time limitation set forth in 35 U.S.C. §§ 286, 287 and/or 288.

### SEVENTH DEFENSE – ENSNAREMENT

Solas's claims of patent infringement under the doctrine of equivalents, if any, are barred under the doctrine of ensnarement.

### DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Google demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Google requests that the Court enter judgment in its favor and against Solas as follows:

(a) Adjudging and declaring that Google has not infringed and is not infringing any claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents, directly or indirectly, or in any other way;

(b) Adjudging and declaring that all the claims of the Patents-in-Suit are invalid;

(c) Dismissing Solas's complaint with prejudice, denying each and every prayer for relief therein, and entering judgment for Google;

(d) Declaring this case exceptional under 35 U.S.C. § 285, and awarding Google its costs and reasonable attorneys' fees in asserting counterclaims and defending this action; and

(e) Granting Google such other and further relief as the Court may deem necessary, just, or proper.

Dated this 25th day of November, 2019.

By: */s/ Michael E. Jones*
Michael E. Jones
SBN: 10929400
POTTER MINTON, PC
110 North College, Suite 500
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
mikejones@potterminton.com

Eugene Y. Mar (*pro hac vice* pending)
Jeffrey G. Lau (*pro hac vice* pending)
Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, California 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480
emar@fbm.com
jlau@fbm.com

Attorneys for Google LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 25th day of November, 2019, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Michael E. Jones*
Michael E. Jones